George Frank SLIDER, Jr., Appellant,

v.

Donald E. BORDENKIRCHER, Warden, West Virginia State Penitentiary, Appellee.

No. 75–2030.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 2, 1976.

Decided March 1, 1976.

Arlinda Locklear, Third Year Law Student, J. Francis Paschal, Durham, N. C. [court-appointed counsel], and (Marvin Schiller, Third Year Law Student, on brief), for appellant.

E. Leslie Hoffman, III, Asst. Atty. Gen. of West Virginia, Charleston, W. Va. (Chauncy H. Browning, Jr., Atty. Gen. of West Virginia, Charleston, W. Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

After conviction of armed robbery in West Virginia State Court, the petitioner was given an indeterminate sentence of ten years to life imprisonment. The crime of armed robbery under West Virginia law does not authorize an indeterminate sentence; consequently, on appeal, petitioner's conviction was affirmed, but the judgment was reversed as to the indeterminate sentence and the cause was remanded in order that the invalid sentence might be corrected.[1] On remand, the trial court imposed a "fixed" or "determinate" sentence of fifteen years.[2] The petitioner seeks to have that sentence found invalid to such extent as it exceeds the minimum indeterminate sentence originally imposed, citing North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

The Pearce rationale, however, would apply only if petitioner's later sentence were harsher than the first. Petitioner's theory that the later sentence is harsher is grounded on the fact that it exceeds the minimum provided in the first sentence. Under West Virginia law, though, service of the minimum sentence under an indeterminate sentence does not authorize a prisoner's release "as of that date" but merely establishes "an eligibility date for parole consideration."[3] On the other hand, under a so-called "definite" sentence, the prisoner becomes eligible for parole at the expiration of one-third of his sentence.[4] As a recent commentator has put it "[s]trictly speaking, there is no such thing as a 'determinate' or 'definite' sentence in this country: all states have some parole programs, whether widely used or not, with varying eligibility dates" and, in a State such as West Virginia, "where parole eligibility occurs at one-third of the sentence, a 'determinate' sentence of fifteen years is, for all practical purposes, a sentence of five to fifteen years."[5] Accordingly, the petitioner in this case, who received at his second sentencing a sentence of fifteen years, could acquire eligibility for parole in one-half the time required under his first indeterminate sentence. Since the second sentence does not impose on the petitioner a harsher term than his first sen-

---

1. State v. Slider (1973), 156 W.Va. ——, 196 S.E.2d 85.

2. Credit was allowed petitioner for the time he had served under the invalid sentence.

3. W.Va.Code § 62–12–13a provides: "When the prisoner has received an indeterminate sentence, the minimum sentence shall be considered as an eligibility date for parole consideration but does not confer in the prisoner the right to be released as of that date."

4. W.Va.Code § 62–12–13 provides: " * * * Any prisoner of a penitentiary of this State, to be eligible for parole, (1) * * * shall have served one third of his definite term sentence, * * * *."

5. Singer and Hand, Sentencing Computation: Laws and Practices, 10 Crim.L.Bull. 318, 323.

tence, *Pearce* is without application. It is of no moment that had his fixed sentence been more than thirty years he could have been prejudiced. That is not the petitioner's case, and the hypothetical case so earnestly argued by him cannot avail him any relief.[6]

Accordingly, the judgment of the District Court is

*AFFIRMED.*

---

**6.** Since the second sentence was not harsher than the first, it is unnecessary to consider respondent's argument that the second sentence was valid as a mere correction of the prior illegal sentence. *Cf., State v. Boles* (1964), 148 W.Va. 802, 137 S.E.2d 418, 422: "When a sentence imposed in a criminal case is void because at variance with the requirements of the statute and a subsequent valid sentence which conforms to the statutory requirements is imposed such valid sentence may be in excess of and provide greater punishment than that provided by the void sentence."